[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12876
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20594-RNS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAYRE LOPEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 14, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Mayre Lopez appeals following her convictions and 90-month total sentence for mail fraud and conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349.  Lopez argues that the district court abused its discretion at trial when it excluded testimony about her romantic relationship with a co-conspirator as hearsay, because the evidence fell under the hearsay exception in Fed. R. Evid. 803(3).  Further, she argues that the court erred at sentencing when it applied the sophisticated means enhancement to her offense level over her objections.  We affirm.

## I.

We review the district court's rulings on admission of evidence for an abuse of discretion.  *See United States v. Jimenez*, 224 F.3d 1243, 1249 (11th Cir. 2000).  In applying this standard, we will affirm, "unless the district court has made a 'clear error of judgment' or has applied an 'incorrect legal standard.'"  *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004) (citations omitted).  Further, the harmless error standard applies to preserved challenges to erroneous evidentiary rulings.  *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).  An error is harmless unless it had a substantial influence on the case's outcome or leaves a grave doubt as to whether the error affected the outcome.  *Id*.  Likewise, an error may be harmless when abundant or

overwhelming evidence supports the government's case. *See United States v. Sanders*, 668 F.3d 1298, 1315–16 (11th Cir. 2012) (per curiam).

In the case at bar, the government needed to show "(1) intentional participation in a scheme to defraud, and, (2) the use of the interstate mails or wires in furtherance of that scheme." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). And to "sustain the related conspiracy convictions the Government was required to prove that [Lopez] knew of and willfully joined in the unlawful scheme to defraud." *Id.*

Any error by the district court in excluding the testimony was harmless because it did not have a substantial influence on the case's outcome. Showing that Lopez's motive for participating in the scheme was related to her romantic attachment to her ex-husband and/or his manipulation could not have overcome the overwhelming evidence that showed her *intentional participation* in the scheme to defraud. The government had an audio/video recording showing Lopez coaching patients on lies to tell in order to further the scheme. Testimony of a co-conspirator and the patients corroborates what is seen on the video recording.

Further, the jury was already privy to the same sort of information contained in the excluded testimony. The co-conspirator testified, for example, that Lopez had been married to the ex-husband, that they had been "boyfriend and girlfriend

since they were very young," and that he was "verbally abusive," "domineering," and "made [Lopez] cry." But the jury still chose to convict her.

Accordingly, any error is harmless and we must therefore affirm.

## II.

We review a district court's finding that sophisticated means were used to commit a crime for clear error. *United States v. Feaster*, 798 F.3d 1374, 1380 (11th Cir. 2015). Clear error review is deferential, and we will reverse a district court only if "left with a definite and firm conviction that a mistake has been committed." *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010). The district court's legal interpretations of the Sentencing Guidelines are reviewed de novo. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).

Section 2B1.1(b)(10)(C) of the Sentencing Guidelines provides a two-level enhancement if "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). The applicable guideline commentary explains when the enhancement applies:

> For purposes of subsection (b)(10)(C), "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities,

4

corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

*Id.* cmt. n.9(B). Each of a defendant's individual actions is not required to be sophisticated in so long as the "totality of the scheme" was sophisticated. *Ghertler*, 605 F.3d at 1267.  Even when a defendant "sometimes made little or no effort to conceal either the fact of his fraud or his identity," we may still affirm the application of the enhancement if "the totality of [his] activities carried out over an extended period of time is sufficient to support the district court's finding that [he] used sophisticated means under our deferential standard of review." *Id.* at 1268. Further, we have indicated that the illustrations in the application note are non-exclusive.  *Feaster*, 798 F.3d at 1380.

The district court did not clearly err by imposing the sophisticated means enhancement, as the record supports the finding that Lopez was involved in the financial transactions of the business, intentionally met with patients who were involved in staged accidents, coached patients on what to say to doctors and insurance companies in order to deceive them over time, maintained client records, and otherwise engaged in a sophisticated fraud scheme. Thus, based on the record, the district court's finding that Lopez used sophisticated means does not lead to a definite and firm conviction that a mistake has been committed. Accordingly, we affirm.

**AFFIRMED.**

5